IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-294-BR-2

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| BRYAN CORNELIUS WATSON, ) | |
| ) | |
| Defendant. ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Raleigh Police Department, and defendant the testimony of the proposed third-party custodians, his mother and father. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial. The government's motion is therefore GRANTED.

## Background

Defendant was indicted on 26 August 2010 for the following offenses: conspiracy to possess with intent to distribute and to distribute a quantity of cocaine beginning on or about 28 June 2010 and continuing to on or about 6 August 2010, in violation of 21 U.S.C. § 846 (ct. 1); possession with intent to distribute and distribution of a quantity of cocaine, and aiding and abetting the same, on or about 28 June 2010, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (ct. 2); and possession with intent to distribute a quantity of cocaine on or about 6 August 2010, in violation of 21 U.S.C. § 841(a)(1) (ct. 4).

The evidence presented at the hearing showed that the charges arise, in part, from a sale of cocaine by defendant's co-defendant, Jerald Allen Rolle, to a confidential informant on 28 June 2010. Rolle met with the informant without providing any cocaine, went to meet with defendant, and then returned to the informant with cocaine for the transaction. The transaction between Rolle and the informant was videotaped and the telephone calls setting it up were recorded. Rolle apparently identified defendant as having supplied him the cocaine for this transaction, as well as other transactions.

After Rolle was arrested on 6 August 2010, he called defendant in cooperation with the police to arrange for a purchase from defendant of several ounces of cocaine. Defendant appeared at the designated location and was arrested as he approached the vehicle in which Rolle was seated (in leg irons). Several ounces of cocaine were found in the car in which defendant had traveled to the rendezvous location. After his arrest, defendant told police that he knew what he did was wrong and that he needed to take corrective action.

**Discussion**

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offenses charged; the circumstances of the offenses charged, including their recency and defendant's commission of the alleged offenses five months after being placed on state probation; defendant's criminal record, including six felony drug convictions (four for marijuana and two for cocaine), three misdemeanor drug convictions,

commission of two felonies and one misdemeanor while on probation, and nine failures to appear; the unsuitability of the proposed third-party custodial arrangement due to the substantial risk of danger presented by defendant, and the proposed custodians' limited influence over defendant (age 34 and married); and, as indicated, the other findings and reasons stated in open court.

The court considered potentially mitigating evidence, but finds that the factors favoring detention outweigh it. For example, although defendant has a job at his wife's hair salon, the alleged drug transactions on 28 June and 6 August 2010 in which defendant was involved occurred during the working day. Thus, employment has not deterred defendant from drug trafficking.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 7th day of September, 2010.

James E. Gates
United States Magistrate Judge