UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:10-CR-00294-BR
NO. 5:11-CV-640-BR

BRYAN CORNELIUS WATSON,            )
    Petitioner,                    )
                                   )
v.                                 )        ORDER
                                   )
                                   )
UNITED STATES OF AMERICA,          )
    Respondent.                    )

This matter is before the court for initial review of a 28 U.S.C. § 2255 petition pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Under this Rule, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." R. Gov. § 2255 Pro. 4(b).

On 6 December 2010, pursuant to a plea agreement, petitioner pled guilty to conspiracy to possess with intent to distribute and distribution of a quantity of cocaine in violation of 21 U.S.C. § 846. On 5 April 2011, the court sentenced petitioner to a term of imprisonment of 151 months, after having found that petitioner qualifies as a career offender under U.S.S.G. § 4B1.1. Petitioner did not appeal. Petitioner timely filed the instant petition on 9 November 2011.

First, petitioner claims that his counsel was ineffective because counsel did not anticipate the change in this Circuit's law as a result of the decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (Pet., DE # 52, at 4; Mem., DE # 52-1, at 5.) It is significant to note that, although on 18 March 2011 the Fourth Circuit Court of Appeals vacated the initial

decision for en banc hearing, the court did not render its decision in Simmons until 17 August 2011. Thus, at the time petitioner was sentenced, the court's decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005), remained the law of this Circuit, and counsel had no valid basis for objecting to petitioner's state conviction for "sell and deliver" marijuana being deemed a "felony conviction" for purposes of the career offender guideline, U.S.S.G. § 4B1.1. Petitioner's counsel was not ineffective for failing to anticipate the change in law. See United States v. McNamara, 74 F.3d 514, 516-17 (4th Cir. 1996) (holding trial counsel was not constitutionally deficient for following controlling circuit law at the time, even though the Supreme Court had granted *certiorari* in another case to resolve a circuit conflict regarding that law). As such, petitioner's first claim for relief will be dismissed.

Next, petitioner advances an "actual innocence" claim. Based on Simmons, petitioner claims that his prior state conviction for "sell and deliver" marijuana is not a "felony conviction" to support his being sentenced as a career offender. (Pet., DE # 52, at 5; Mem., DE # 52-1, at 8-9.) While technically speaking this claim is not one of "actual innocence," see United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (recognizing that an actual innocence claim concerns factual innocence of a predicate crime used to enhance a sentence, not "the legal classification of the predicate crime[]"), it is enough that petitioner has timely advanced a claim attacking the legality of his sentence based on Simmons. The court finds that dismissal of petitioner's Simmons claim is not warranted at this time, and pursuant to the standing order No. 11-SO-3, the Office of the Federal Public Defender is appointed to represent petitioner in connection with this claim.

Finally, petitioner claims that his counsel was ineffective for failing to obtain files from

three of his prior convictions and object to three criminal history points associated with those convictions for which the prior custodial sentences were suspended. (Pet., DE # 52, at 7; Mem., DE # 52-1, at 11-12.) Setting aside the fact that petitioner's criminal history category was based on his being a career offender, rather than on his criminal history points, the court finds that counsel was not deficient regarding any investigation into the three prior convictions nor regarding his failure to object to the criminal history points assigned to those convictions.

The three convictions at issue are set forth in paragraphs 15, 16, and 19 of the Presentence Report ("PSR"). As petitioner recognizes and as noted in the PSR, the custodial portion of the sentences on each of those convictions was suspended. Petitioner contends that because the entire sentences were suspended, he should not have received one point for each of the sentences, and counsel should have lodged an objection to the PSR on this basis. The court disagrees. Pursuant to U.S.S.G. § 4A1.1(c), in calculating an offender's criminal history, one point is added for each "prior sentence" not already counted under another subsection. "Prior sentence" is defined as "*any* sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1) (italicized emphasis added). There is no dispute that petitioner received a sentence for each conviction and that the conduct was not part of the conspiracy offense here. The fact that petitioner did not serve any term of incarceration for the convictions is irrelevant. See Phillips v. United States, Nos. 5:07CV165, 5:07CR19, 2009 WL 2828025, *9 (N.D. W. Va. Aug. 28, 2009) (holding that counsel did not render ineffective assistance in failing to argue that criminal history points should not have been attributed to state sentences of only fines and costs). Therefore, one point was properly added for each suspended sentence, and counsel had no reason

3

three of his prior convictions and object to three criminal history points associated with those convictions for which the prior custodial sentences were suspended. (Pet., DE # 52, at 7; Mem., DE # 52-1, at 11-12.) Setting aside the fact that petitioner's criminal history category was based on his being a career offender, rather than on his criminal history points, the court finds that counsel was not deficient regarding any investigation into the three prior convictions nor regarding his failure to object to the criminal history points assigned to those convictions.

The three convictions at issue are set forth in paragraphs 15, 16, and 19 of the Presentence Report ("PSR"). As petitioner recognizes and as noted in the PSR, the custodial portion of the sentences on each of those convictions was suspended. Petitioner contends that because the entire sentences were suspended, he should not have received one point for each of the sentences, and counsel should have lodged an objection to the PSR on this basis. The court disagrees. Pursuant to U.S.S.G. § 4A1.1(c), in calculating an offender's criminal history, one point is added for each "prior sentence" not already counted under another subsection. "Prior sentence" is defined as "*any* sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1) (italicized emphasis added). There is no dispute that petitioner received a sentence for each conviction and that the conduct was not part of the conspiracy offense here. The fact that petitioner did not serve any term of incarceration for the convictions is irrelevant. See Phillips v. United States, Nos. 5:07CV165, 5:07CR19, 2009 WL 2828025, *9 (N.D. W. Va. Aug. 28, 2009) (holding that counsel did not render ineffective assistance in failing to argue that criminal history points should not have been attributed to state sentences of only fines and costs). Therefore, one point was properly added for each suspended sentence, and counsel had no reason

to object to the assignment of criminal history points for those underlying convictions.

Petitioner's claims for ineffective assistance of counsel are DISMISSED. Petitioner's Simmons claim remains. The United States Attorney is DIRECTED to file an Answer pursuant to Rule 5, Rules Governing § 2255 Proceedings, or to make such other response as appropriate to the motion, within **forty (40)** days of the filing of this order. The Clerk is DIRECTED to serve the Office of the Federal Public Defender with a copy of this order.

This 17 November 2011.

```
                                    W. Earl Britt
                                    Senior U.S. District Judge
```